## LUCAS et al. v. TEMPLE & BARKER.

**Interested Witness — Bias.**

> The rule of law is if the witness regards himself interested this excludes his evidence because of the bias this estimated interest has on his mind, and does not depend on the fact whether he is interested.

**Mortgage on Stock of Goods.**

> When all the original stock on which the mortgage was given had been sold the lien created by the mortgage was gone, as the stock purchased after the mortgage was not subject to it, because a man cannot legally sell or convey property to which he has no title.

**Levy of Execution — Indemnifying Bond.**

> An officer may require an indemnifying bond before he levies an execution, and unless he does so and notifies the execution plaintiff that he desires such bond it is his duty to levy, and he may waive such bond until he does levy or entirely if he desires, and the deputy may do this as well as the sheriff.

**New Trial.**

> Newly-discovered evidence of accumulative nature, which could have been discovered by ordinary diligence, is not sufficient to entitle the appellee to a new trial.

APPEAL FROM GRANT CIRCUIT COURT.

October 1, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

We think the petition substantially sets out a cause of action, but if the slight defect suggested be conceded, the answer and verdict cures this.

The deputy, Combs, was to have a share of the profits of the office for his services, which his principal, Lucas, could not

release, but required his own release thereof to Lucas before he could become divested of this; therefore, he would still be interested in the result of this suit, as any judgment in favor of appellees must be predicated on a nonperformance of official duty and to the extent of recovery reduce the profits of the office.

Although the release from Lucas, the principal sheriff, to Combs his deputy, we think, entirely sufficient to release him from responsibility because of his conduct in not levying appellee's execution, yet he seems not to have so regarded it, as he evidently thought something further must be done to perfect it; the rule of law is, if the witness regards himself interested, this excludes his evidence because of the bias this estimated interest has on his mind, and does not depend upon the fact whether he is interested, and if he is interested, this excludes him because of the fact, however, he regards himself as disinterested.

Combs was, therefore, an incompetent witness on either ground.

Craigg had assigned the note to appellees upon Kize, upon which this judgment and execution was had; but Temple and Barker had released him first by their *laches* in not prosecuting Kize to insolvency; secondly, by their direct release to him, he was, therefore, a competent witness for them.

July 14, 1853, T. R. Kize mortgaged the stock of goods purchased of Myers & Craigg to secure the payment therefor. By the terms of the mortgage they had the right to sell the goods or to remove them out of the county; they were to keep the stock replenished and the subsequent purchases were also to be liable to the mortgage; and in case the stock of goods should be removed, then another stock, in another house, was to become liable to the mortgage.

The stock of goods had been removed to another county, and, after being offered for sale some considerable time, were removed back to Grant.

Appellees did not sue out their execution until March 8, 1858, nearly five years after the date of the mortgage; we cannot doubt, but that most, if not all, of the original stock had been sold — a man cannot legally sell or convey property to which he has no title — besides the removal of the goods to another county, as the mortgagor had the right to do by the terms of the mortgage, released the goods and substituted others in their place, such, at

least, we deem the legal effect of the provisions of the mortgage. The stock of goods on which appellees' counsel directed Combs, the deputy, to levy their execution was, therefore, not mortgaged to secure that debt, and was, therefore, liable to levy, if they belonged to the defendants in the execution.

By section 709, Civil Code, the officers required to levy an execution may require an indemnifying bond; but unless he does so, and notifies the execution plaintiff that he desires such bond, it is his duty to levy, and he may waive such bond until he does levy, or entirely if he desires, and the deputy may do this as effectually as the principal sheriff.

The attorney for appellees did offer to execute such an indemnity bond when he directed Combs to levy the execution on the stock of goods, which Combs then waived until after he should levy. The principal sheriff cannot, therefore, object that no indemnifying bond was executed before the levy should have been made.

It appears from the evidence that the real estate mortgaged had been sold under a decree of foreclosure, and that it was greatly insufficient to pay the mortgage debts; the court could not go behind this decretal sale to estimate the value of the property and the jury had no right to estimate its value, but the parties stand concluded by said judgment and sale so long as it remains unreversed and the sale undisturbed.

As the instructions given conform to these views we perceive no error therein. The instructions refused are incompatible with those given and with this opinion and were properly refused.

The newly-discovered evidence of the nature of the goods is merely cumulative and could have been discovered by ordinary diligence previous to the trial; the newly-discovered letters were in the hands of one of appellants' attorneys before the trial, had he deemed them of importance they should have been offered in evidence, the failure to do so affords no reasons for a new trial. There was no error in refusing a new trial.

Wherefore, the judgment is affirmed.